THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION



HEATHER RHODES, Individually,
and as Natural Mother and Next Friend of
C.R., A minor                                                                    PLAINTIFFS

VERSUS                                              CIVIL ACTION NO. 2:16cv195-KS-MTP

LAMAR COUNTY SCHOOL DISTRICT, AND
TONYA CRAFT, Individually; and JOHN OR JANE DOES 1 - 10          DEFENDANTS

## COMPLAINT

### [JURY TRIAL DEMANDED]

COMES NOW the Plaintiff, HEATHER RHODES, Individually and as Natural Mother and Next Friend of, C.R., A Minor, by and through her attorneys, DOUGLAS L. TYNES, JR. and COURTNEY P. WILSON of the Tynes Law Firm, P.A., and would file this, her Complaint against the Defendants named herein, and in support thereof presents the following to wit:

### PARTIES

1. Plaintiff, HEATHER RHODES, is an adult resident citizen of Hancock County, Mississippi. She brings this claim individually and on behalf of her son and next friend of C.R., a minor.

2. Defendant, LAMAR COUNTY SCHOOL DISTRICT ("LCSD"), is a school district organized under the laws of the State of Mississippi and is a political subdivision within the State of Mississippi, with the ability to sue and be sued, and which at all times relevant hereto employed Defendant, TONYA CRAFT, and the as yet unidentified John or Jane Does 1-10. Defendant, LAMAR COUNTY SCHOOL DISTRICT, may be served with process in the time

1

and manner provided by law by and through service of a Complaint and Summons upon its Superintendent, Tess Smith, Purvis, Mississippi.

3.  Defendant, TONYA CRAFT ("Craft"), is a person of full age and majority and a citizen of and resides in the Southern District of Mississippi. At all pertinent and relevant times herein, the said TONYA CRAFT was employed as a Teacher and Special Education Instructor in the LCSD, and was acting and/or neglected to act in the course and scope of her employment and under color of state law. Said TONYA CRAFT is made a defendant herein individually. Defendant, TONYA CRAFT, may be served process of this Court in the time and manner provided by law pursuant to Rule 4 of the Federal Rules of Civil Procedure wherever she may be found.

4.  Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as JOHN OR JANE DOES 1-10, inclusive, and therefore sue these Defendants by such fictitious names and capacities. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and on that basis alleges, that each fictitiously-named Defendant is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries were proximately caused by the conduct of each such Defendant.

## JURISDICTION AND VENUE

5.  This Court has subject matter jurisdiction over the civil rights action pursuant to 28 U.S.C. § 1331 (Federal Questions), 28 U.S.C. § 1343(a)(3) (Civil Rights), and 28 U.S.C. § 1367(a) (Supplemental).

6. Venue is proper in the Southern District of Mississippi, pursuant to 28 U.S.C. §1391, since substantial part of the events and omissions giving rise to this claim occurred in this judicial district.

7. Whenever and wherever reference is made in this complaint to any act by a Defendant and/or Defendants, such allegations and references shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

## FACTS

8. At all times relevant hereto the Defendants, acting individually and in concert with each other, as set forth herein below, acted unreasonably and with deliberate indifference to, and in reckless disregard for the constitutional rights of and the civil rights of the Plaintiff, C.R.

9. C.R. is a minor child with a disability within the meaning of all applicable statutes and including Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and the American with Disabilities Act, 42 U.S.C § 12131. C.R. is a minor child under the age of eighteen. The mother and next friend of the Plaintiff, Heather Rhodes, asserts an independent claim on her own behalf as well.

10. At the time of these events, underlying these causes of action, Plaintiff, C.R., was a special education student entrusted to the care of LCSD and the other named Defendants at Longleaf Elementary School.

11. On or about November 13, 2013, C.R. was in the special-needs classroom of LCSD when he went to the school nurse to receive his daily medication and saw his mother's van parked in the parking area. C.R. suffers from autism and has been determined to need certain services and such services are to be provided by the LCSD.

3

12. C.R. began asking for his mother and asking where his mother was. C.R. became increasingly anxious and agitated with the school nurse. C.R. was sent back to his class room.

13. Defendant, Tonya Craft, C.R.'s instructor, forcefully moved C.R. to a certain area of the classroom and placed C.R. in a small enclosed space known as the "chill-zone." This space was approximately four feet by four feet and resembled a three-sided wooden box pressed against a concrete wall. C.R. attempted to get out of the box. C.R. could be heard screaming: "Let me out! I want my Mama! Please, let me out!" C.R.'s instructor, Tonya Craft, forcefully held the door closed while C.R. screamed and cried for his mother. C.R. eventually began hitting his head on the door and floor while screaming and crying.

14. Presently, Ms. Rhodes made her way to the classroom and witnessed these events.

15. Ms. Rhodes was informed by the Defendant, LCSD, that the "chill-zone" was a voluntary self-management tool available to children. She was specifically informed that the "chill-zone" was not a punitive device and was only to used voluntarily.

16. Prior to this incident, Tonya Craft and the LCSD, failed to develop a behavioral plan for C.R. with techniques to "de-escalate" C.R.'s behavior when he began escalating. This behavioral plan should have been put into writing in C.R.'s Individual Education Plan ("IEP").

17. Ms. Rhodes is the natural mother and next friend of C.R. From the day C.R. was enrolled in school, Ms. Rhodes notified the Defendant, LCSD, both orally and in writing that C.R. was not to be subjected to corporal punishment or restraint punishment. Also, Ms. Rhodes was to be notified as necessary regarding any issues at school involving C.R.

18. Contrary to Ms. Rhodes' written and oral instructions and express wishes to the Defendants, Ms. Rhodes was not contacted or notified that C.R. was having an escalation and was going to be subjected to corporal or restraint punishment.

19.     The punishment administered to C.R. was administered in bad faith and in a manner exhibiting wonton and willful disregard of C.R.'s safety and disabilities and was objectively unreasonable under the circumstances.

20.     At no time, were the LCSD or Tonya Craft authorized by Ms. Rhodes to administer corporal or restraint punishments to C.R. Also, at no time, were the students or LCSD employees in any danger whatsoever.

21.     At all times, Defendants, knew or should have known that their actions were in violation of Ms. Rhodes' specific instructions.

22.      Based on information and belief, the LCSD and/or Tonya Craft had an unofficial policy or custom or practice of placing C.R. in the enclosure in violation of his IEP.

23.     Following the incident, Ms. Rhodes took C.R. to see a medical provider who examined and treated C.R. for the physical and mental injuries he suffered as a result of the Defendants' actions.

24.     Following this incident, the LCSD failed to take any remedial or disciplinary action to correct the violation of C.R.'s and Ms. Rhodes' rights.

25.     The Defendant, LCSD, failed to take any steps to remedy this situation thus condoning and ratifying an unsafe school environment and the flagrant disregard of a parent/guardian's constitutional right to determine the course of their child's upbringing and education.

26.     Upon information and belief, C.R. was subjected to this punishment by the same instructor, Tonya Craft, on more than one occasion.

27.     In addition, C.R. became extremely fearful of attending school and terrified that he might be "put in a box again."

28. C.R. was physically injured and emotionally traumatized by the continual administration of corporal and restraint punishment and the fear of being placed in a box again.

29. Despite making every effort to ameliorate and improve this situation and help C.R., Ms. Rhodes' expressions, concerns, and complaints to the LCSD's personnel were ignored for a long time.

30. The actions of the Defendant, Tonya Craft, continued unabated, and C.R. was forced to attend physical education under the "supervision and instruction" of the Defendant, Tonya Craft, until Ms. Rhodes withdrew him from school and moved her family to another school district.

31. At all times herein, the Defendant, Tonya Craft, acted under color of State law, within the course and scope of her employment, with deliberate indifference and reckless disregard to the Plaintiffs' federally protected rights, with gross negligence, and negligence per se evidencing a willful, wonton, or reckless disregard for the Plaintiffs' rights under Mississippi law.

32. At all times relevant to this civil action, the Defendant, LCSD, had in effect a policy, practice, custom or usage that authorized its employees to administer corporal or restraint punishment to children despite the contrary wishes of their parents or guardians, to administer corporal or restraint punishment in an objectively unreasonable manner, and to administer corporal or restraint punishment for the sole purpose of inflicting pain on children.

33. Upon information and belief, Defendants had policies, practices, or customs in place which caused, ratified, and/or furthered the violation of Plaintiff's rights as described herein. Plaintiff accordingly seeks redress under 28 U.S.C. § 1983 for Defendant's violation of Plaintiff's constitutional rights.

34. Defendants established customs, policies, and practices that directly and proximately caused the deprivation of the civil and constitutional rights of Plaintiffs as alleged herein, and the damages, emotional and mental pain and distress, and suffering of Plaintiffs.

35. At all times pertinent herein, the Defendants, each and all, acted willfully, maliciously, wantonly, unreasonably, recklessly, and with deliberate indifference to, and with intentional and wanton disregard of the constitutional and civil rights of the Plaintiffs.

36. The Defendants, acting individually and together, under color of law, engaged in a course of conduct, and conspired together, to deprive the decedent and the Plaintiff of his rights under federal and state law.

37. The Defendants acting individually and together, under color of law, engaged in a course of conduct that caused the emotional and mental pain and suffering, injuries, and damages of Plaintiff and violated his rights as guaranteed by the Fourth, Fifth, Ninth, and Fourteenth Amendments of the Constitution of the United States. These include, but are not limited to, the right to be free from the deprivation of liberty that occurs without due process of law.

38. The Defendants are liable unto your Plaintiffs jointly and severally for the wrongful acts complained of herein.

39. Plaintiffs would show that they have sustained damages for which they are entitled to recover of and from the Defendants.

40. The actions of the Defendants were willfully in violation of Plaintiff, C.R.'s, federally protected rights, and said willful and reckless actions justify the imposition of punitive damages.

## CAUSES OF ACTION

### (Claim 1 – False Imprisonment)

7

41. On November 13, 2013, Defendants, and the as yet unidentified John or Jane Does 1-10, acted under color of law but contrary to law, and intentionally and unreasonably deprived Plaintiffs of rights, privileges, and immunities secured by the Constitution, laws of the United States, and 42 U.S.C. § 1983, 1985 and 1988, including: (a) Plaintiff's right to be free from false imprisonment, as guaranteed by Amendments IV and XIV of the United States Constitution, by detaining him without probable cause to believe that he had committed any crime; and (b) Plaintiff's right not to be deprived of liberty without due process of law, as guaranteed by Amendments IV and XIV of the United States Constitution.

42. By forcefully placing C.R. in a wooden box and restraining him in the box, despite this being prohibited by the IEP and this not being an approved method of discipline or part of an approved discipline plan, the Defendants acted and/or failed to act without justification or excuse, and thereby falsely imprisoned C.R.

43. As a direct and proximate result of such acts and failures of Tonya Craft and the LCSD, C.R. suffered injuries and losses as described herein. Tonya Craft and the LCSD are directly and individually liable for all said injuries and losses, and the LCSD is also liable for all said injuries and losses under the doctrine of *respondeat superior*.

44. Plaintiffs request a judgment against all Defendants, for compensatory and punitive damages in whatever amount the jury may determine, plus costs, interest, and attorney's fees pursuant to 42 U.S.C. § 1988.

(Claim 2 – Fourth Amendment Unreasonable Seizure)

45. Defendants and the as yet unidentified John or Jane Does 1-10, acted under color of law but contrary to law, and intentionally and unreasonably deprived Plaintiffs of rights, privileges, and immunities secured by the Constitution, laws of the United States, and 42 U.S.C.

§ 1983, including: (a) Plaintiff's right to be free from unreasonable seizure by being falsely detained, as guaranteed by Amendments IV and XIV of the United States Constitution, by detaining him without probable cause to believe that he had committed any crime; and (b) Plaintiff's right not to be deprived of liberty without due process of law, as guaranteed by Amendments IV and XIV of the United States Constitution.

46. The Defendants perpetuated, at all relevant times to this civil action, an unconstitutional policy, practice, custom or usage which authorized and/or mandated and/or condoned and/or ratified the use of unreasonable and unlawful detainment and/or arrest toward Plaintiff, C.R.

47. As a direct and proximate result of the Defendants' violation of Plaintiff's constitutional rights, Plaintiff suffered injury to his person.

48. Plaintiffs request judgment against all Defendants, for compensatory and punitive damages in whatever amount the jury may determine, plus costs, interest, and attorney's fees pursuant to 42 U.S.C. § 1988.

(Claim 3 – Fourteenth Amendment Substantive Due Process)

49. On November 13, 2013, Ms. Rhodes had a clearly-established constitutional-liberty interest in the care, custody, and control of C.R.

50. The Defendant, LCSD, and the Defendant, Tonya Craft, violated Ms. Rhodes' liberty interest by administering corporal or restraint punishment to C.R. without her consent and in contravention of her fundamental right as C.R.'s mother to the direct the education and upbringing of C.R.

51. As a direct and proximate result of the acts and omissions of the Defendants, LCSD and Tonya Craft, Ms. Rhodes' constitutional right guaranteed under the Fourteenth

9

Amendment to direct the care, custody, and control of C.R. was violated and caused injury to Ms. Rhodes and C.R.

52. Plaintiff, Ms. Rhodes, requests judgment against all Defendants, for compensatory and punitive damages in whatever amount the jury may determine, plus costs, interest, and attorney's fees pursuant to 42 U.S.C. § 1988.

(Claim 4- Fourth Amendment Excessive Force)

53. On November 14, 2013, C.R. had a clearly established constitutional right to be free from the use of force that was objectively unreasonable under the circumstances.

54. The Defendant, LCSD, and the Defendant, Tonya Craft, are liable to C.R. for violating his Fourth Amendment right to be free from unreasonable seizure of the person through the use of excessive force.

55. As a direct and proximate result of the Defendant, LCSD's, and the Defendant, Tonya Craft's, violation of C.R.'s Fourth Amendment rights, C.R. suffered and continues to suffer injury.

(Claim 5 - Fourteenth Amendment Substantive Due Process)

56. On November 13, 2013, C.R. had a clearly established constitutional right to be free from the use of force that was arbitrary, capricious, or wholly unrelated to the legitimate state goal of maintaining an atmosphere conducive to learning.

57. The Defendant, LCSD, and the Defendant, Tonya Craft, are liable to C.R. for violating his Fourteenth Amendment right to be free from the administration of corporal punishment which was arbitrary, capricious, or wholly unrelated to the legitimate state goal of maintaining an atmosphere conducive to learning.

58. As a direct and proximate result of the Defendant, LCSD's, and the Defendant, Tonya Craft's, violation of C.R.'s Fourteenth Amendment rights, C.R. suffered and continues to suffer injury.

59. As a direct and proximate result of the foregoing, Defendants deprived the Plaintiff of his rights and privileges as citizens of the United States, and Defendants caused the Plaintiff to suffer financial injury, significant indignities, and to be hurt and injured in his health, strength, and activity, sustaining injury to his body and shock and injury to his nervous system and person, all of which has caused and will continue to cause Plaintiff physical, mental, and emotional pain and suffering, all to his general damage in a sum which will be proven at trial.

### (Claim 6 – MTCA and Common Law)

60. The Defendant, LCSD, through the acts and omissions of its employees and agents are liable to Ms. Rhodes and C.R. for the breach of its ministerial duty in its administration of corporal or restraint punishment; for wrongfully, recklessly and excessively administering corporal or restraint punishment to C.R.; and for the intentional infliction of emotional distressed caused to Ms. Rhodes and C.R.

61. The Defendant, Tonya Craft, to the extent that her acts are determined to have occurred outside the course and scope of her employment, is individually liable to Ms. Rhodes and C.R. for wrongfully, recklessly, and excessively administering corporal or restraint punishment to C.R., and for the intentional infliction of emotional distress caused to Ms. Rhodes and C.R.

62. The actions of Defendant, LCSD, and the Defendant, Tonya Craft, violated the IEP of C.R., the policies, procedures, rules, and regulations of LCSD and the State of Mississippi, as well as the Law of the State of Mississippi and the United States of America.

63. Defendants violated 42 U.S.C. § 1985 in that they entered an agreement and combined among themselves and/or with others to engage in unlawful conduct, i.e. depriving the Plaintiff of rights guaranteed to him under the First, Fourth, and Fourteenth Amendments to the United States Constitution.

64. Defendants, LCSD, Tonya Craft, and the as yet unidentified John or Jane Does 1-10, violated 42 U.S.C. § 1986 in that they, having knowledge that wrongs were conspired to be done, and, as mentioned in 42 U.S.C. § 1985, were about to be committed, and having power to prevent or aid in preventing the commission of the same, neglected and refused to do so.

65. Defendants have each done or have caused to be done acts in furtherance of this conspiracy whereby the Plaintiffs have been injured and have been deprived of rights guaranteed to them under the First, Fourth, and Fourteenth Amendments to the United States Constitution.

66. Defendants, LCSD, Tonya Craft, and the as yet unidentified John or Jane Does 1-10, each had actual knowledge of the conspiracies to deprive Plaintiffs of their rights protected by 42 U.S.C. § 1985, and each had the power and opportunity to prevent the violations from occurring and/or continuing to do so.

67. As a direct and proximate result of the foregoing, Defendants deprived the Plaintiffs of their rights and privileges as citizens of the United States, and Defendants caused the Plaintiff, C.R., to suffer financial injury, significant indignities, and to be hurt and injured in his health, strength and activity, sustaining injury to his body and shock and injury to his nervous system and person, which have caused, and will continue to cause, Plaintiff physical, mental, and emotional pain and suffering, all to his general damage in a sum which will be proven at trial.

(Claim 7 – Violation of Section 504 of the Rehabilitation Act)

68. Section 504 of the Rehabilitation Act provides, that "No otherwise qualified individual with a disability in the United States... shall, solely, by reason of her or his disability, be excluded from the participation in, be denied the befits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance...." See 29 U.S.C. § 794.

69. By the acts and failures of LCSD, Tonya Craft, and John or Jane Does 1-10, LCSD excluded C.R. from participation in and/or denied him the benefits of the services, programs and/or activities of CCSB, including but not limited to the Services described above. Such exclusion and/or denial were solely by reason of C.R.'s disability and were in violation of Section 504.

70. By the acts and failure of LCSD, Tonya Craft, and John or Jane Does 1-10, LCSD otherwise subjected C.R. to discrimination under programs and activities of LCSD, including but not limited to the Services described above. Such discrimination was solely by reason of C.R's disability and was in violation of Section 504.

71. As the direct and proximate result of violation Section 504, LCDS caused C.R. to suffer the injuries and losses described herein and caused C.R. to suffer a loss of rights guaranteed by Section 504.

72. As the entity held accountable for violations of Section 504, LCSD is liable for all said injuries and losses.

(Claim 8 – Violation of the ADA – Discrimination, Etc.)

73. The ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." See 42 U.S.C. §12132.

74. By the acts and failures of Tonya Craft and/or LCSD, LCSD excluded C.R. from participation in, and denied C.R. the benefits of, the services, programs, and/or activities of LCSD, including but not limited to the Services described above. Such exclusion and denial were by reasons of C.R.'s disability.

75. By the acts and failures of Tonya Craft and/or LCSD, LCSD discriminated against C.R. by reason of his disability.

76. As a direct and proximate result of violating the ADA, LCSD caused C.R. to suffer the injuries and losses described herein, and caused C.R. to suffer a loss of rights guaranteed by the ADA.

77. As the entity held accountable for violations of the ADA, LCSD is liable for all of said injuries and losses.

(Claim 9 – Violation of the ADA – Retaliation, Etc.)

78. The ADA imposes a duty on the Defendants not to engage in retaliation or coercion against Ms. Rhodes or C.R. Specifically, 42 U.S.C. § 12203 provides:

> (a) Retaliation. No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this Act or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this Act.
> (b) Interference, coercion, or intimidation. It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having aided or encourage any other individual in the exercise or enjoyment of, any right granted or protected by this Act.

79. By the acts and omissions of Tonya Craft and/or LCSD, LCSD violated the foregoing provisions of the ADA by retaliating against Ms. Rhodes and C.R. and/or by engaging in prohibited interference, coercion, and/or intimidation.

14

80. As a direct and proximate result of violating the ADA, Craft and/or LCSD caused C.R. to suffer the injuries and losses described herein, and caused Ms. Rhodes and/or C.R. to suffer a loss of rights guaranteed by the ADA.

81. As the entity held accountable for violations of the ADA, LCSD is liable for all said injuries and losses.

### (Claim 10 – Failure to Train and Supervise, 42 U.S.C. § 1983)

82. The Defendant, LCSD, has a duty to train and supervise teachers, paraprofessional, and other personnel in order to ensure the safety and well-being of students entrusted to their care and supervision.

83. The Defendant, LCSD, failed to discharge these duties.

84. The Defendant, LCSD, acted intentionally in failing to adequately train and supervise its teachers, paraprofessionals, and other personnel.

85. As a result, Defendants placed C.R. in a wooden box as a punitive measure in direct violation of state law and Department of Education regulations and in violation of his constitutional rights.

86. The abusive use of the wooden box has caused C.R. physical injury, significant trauma, and has increased his negative behaviors. This abuse has also made him more fearful of teachers and other authority figures, and made a child, already struggling with a disability, even more difficult to include in community activities and school activities with non-disabled peers. The Defendants use of the wooden box as a punitive measure has significantly increased the risk of C.R.'s isolation from general society and puts him at a greater risk of institutionalization in the future.

87. Had the supervisory Defendant, LCSD, made any effort to properly train and supervise the other Defendants, Plaintiff would likely not have suffered these egregious and conscience-shocking abuses by the Defendants, nor would Plaintiff likely have sustained the damages he has sustained.

88. The supervisory Defendant, LCSD's, failure to properly train and supervise their subordinate employees was the moving force and proximate cause of the violation of Plaintiff's constitutional rights as described herein.

89. The acts and omissions of the Defendants were conducted within the scope of their official duties and employment and under color of state law.

90. The acts and omissions of the supervisory Defendant, as described above, caused Plaintiff's damages in that he suffered physical and mental pain and lasting damage that he will endure in the future.

## DAMAGES AND REMEDIES

91. The Defendants, by their actions, as described in the above paragraphs, has caused the Plaintiffs emotional distress.

92. The Plaintiffs are entitled to damages for emotional distress under the claims mentioned above and under 42 U.S.C. §§ 1981(2) and 1983.

93. As a result of the above described actions, Ms. Rhodes and C.R. suffered emotional distress, physical injuries, financial loss, and pain and suffering, among other damages, for which he is entitled to actual and compensatory damages under Mississippi common law and the statutes cited above, in addition to punitive damages as pled herein.

94. As a result of the above described actions, Ms. Rhodes and C.R. are entitled to obtain punitive damages under his claims brought forth under 42 U.S.C. § 1983 and the ADA (42 U.S.C. 12117(a)).

95. The actions of each Defendant are malicious, unlawful, and/or so grossly negligent as to make these Defendants liable to the Plaintiffs for punitive damages. Likewise, the deliberate indifference of LCSD rises to a level of gross negligence and should subject it to punitive damages.

96. As a direct and proximate result of Defendants' actions described hereinabove, the Plaintiff was caused to suffer the following injuries and damages:

   A. Past, present, and future emotional distress and mental anguish, inconvenience, humiliation, shame, loss of enjoyment of life, loss of self-esteem, loss of his good name, loss of esteem and respect from the community, fear and embarrassment, and injury to reputation, all of which Plaintiff suffered;

   B. Past, present, and future economic damages, including but not limited to medical bills, lost wages, loss of wage earning capacity, relocation expenses, and others;

   C. Attorney's fees and costs under 42 U.S.C. § 1988(b), plus pre-judgment and post-judgment interest; and

   D. All other damages available under federal and state law, including punitive and/or exemplary damages.

97. On information and belief, Plaintiffs allege that C.R.'s injuries will be permanent and that they have had significant consequences on his life.

98. That the aforesaid damages to the Plaintiffs having been proximately caused by the negligence, gross negligence, wanton indifference, reckless disregard, and/or malicious or intentional acts of the Defendants. Plaintiffs are entitled to sue and recover damages proximately resulting therefrom, including compensatory damages, punitive damages, attorney's fees, pre-judgment and post-judgment interest, and such other relief as Plaintiffs may be entitled to under the laws of Mississippi and the United States.

WHEREFORE, PREMISES CONSIDERED, your Plaintiffs, HEATHER RHODES, Individually and as Natural Mother and Next Friend of, C.R., A Minor, demand judgment of and from the Defendants in an amount that will reasonably compensate Plaintiffs for their injuries and/or damages and to punish Defendants in order to deter future wrongful conduct, with said damages to include compensatory damages, in an amount determined by a jury, as well as punitive damages, in an amount determined by a jury, attorney's fees, and costs of these proceedings, pre-judgment and post-judgment interest, and such other relief as Plaintiffs may be entitled to under the laws of the State of Mississippi and the United States of America, and any and all other relief this Honorable Court deems just, proper, and equitable.

ON THIS the 14th day of November, 2016.

Respectfully submitted,
**HEATHER RHODES, Individually and as Natural Mother and Next Friend of, C.R., A Minor**

BY: _____
DOUGLAS L. TYNES, JR. (MSB # 101921)
COURTNEY P. WILSON (MSB # 103531)

DOUGLAS L. TYNES, JR. (MSB # 101921)
COURTNEY P. WILSON (MSB #103531)
Tynes Law Firm, P.A.
525 Krebs Avenue (39567)
Post Office Drawer 966
Pascagoula, MS 39568-0966
228.769.7736 Telephone
228.769.8466 Facsimile
monte@tyneslawfirm.com
courtney@tyneslawfirm.com

19