# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

| | |
|---|---|
| **HEATHER RHODES, Individually, as Natural Mother and Next Friend of C.R., a minor** | **PLAINTIFFS** |
| v. | **CIVIL ACTION NO. 2:16-CV-195-KS-MTP** |
| **LAMAR COUNTY SCHOOL DISTRICT and TONYA CRAFT, Individually** | **DEFENDANTS** |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion for Summary Judgment [51] filed by Defendants Lamar County School District and Tonya Craft. After reviewing the submissions of the parties, the record, and the applicable law, the Court finds that this motion should be granted in part and denied in part.

## I. BACKGROUND

On November 14, 2016, Plaintiff Heather Rhodes ("Rhodes") brought this suit on her own behalf and on behalf of her minor son, C.R. (collectively "Plaintiffs"), against Defendants Lamar County School District (the "District") and Tonya Craft ("Craft") (collectively "Defendants"). Plaintiffs bring claims under 42 U.S.C. § 1983 for false imprisonment, unreasonable seizure, excessive force, and violations of substantive due process, as well as claims for violations of the American with Disabilities Act and Rehabilitation Act, and various state law claims.

This action centers around an incident occurring at the Longleaf Elementary School, a school within the District, while C.R. was a student in Craft's class. C.R. suffers from autism. On November 13, 2013, Craft separated C.R. from the class during a "meltdown" and had him enter a "Chill Zone," a four-feet-by-four-feet enclosure pressed against the classroom's wall. Rhodes

was on campus that day meeting with a counselor. When she arrived at Craft's classroom, she heard C.R. yelling "let me out" and observed Craft holding the door of the Chill Zone shut with her foot.

## II. DISCUSSION

### A. Standard of Review

Federal Rule of Civil Procedure 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (citation and internal quotation marks omitted). The nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Id.* "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010) (quoting *Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001)). "An issue is 'genuine' if the evidence is sufficient for a reasonable [fact-finder] to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812 (citation omitted).

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009) (citing *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)). When deciding whether a genuine fact issue exists, "the court must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic

2

argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002) (citation omitted). Summary judgment is mandatory "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Brown v. Offshore Specialty Fabricators, Inc.*, 663 F.3d 759, 766 (5th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

### B. Statute of Limitations

Plaintiffs concede that the claims brought by Rhodes in her individual capacity are barred by their applicable statutes of limitations. Parties agree, though, that these statutes are tolled for the minor, C.R., and his claims may proceed. Therefore, the Court will **grant** the Motion for Summary Judgment [51] with respect to Rhodes' claims in her individual capacity.

### C. § 1983 Claims

Defendants claim that the § 1983 claims against them must fail because there is no liability for the District and because qualified immunity protects Craft from liability.

#### 1. Claims against Craft

Qualified immunity protects government officials sued in their individual capacities "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 172 L.Ed.2d 565 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L.Ed.2d 396 (1982)). This doctrine, where applicable, is a bar to suit altogether "rather than a mere defense to liability." *Id.* (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S. Ct. 2806, 86 L.Ed.2d 411 (1985)). The Supreme Court has explained that "the driving force behind the creation of the qualified immunity doctrine was a desire to ensure that

insubstantial claims against government officials [will] be resolved prior to discovery." *Id.* at 231-32 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640, n.2, 107 S. Ct. 3034, 97 L.Ed.2d 23 (1987)) (internal quotations omitted and alteration in original).

There are two steps in deciding whether qualified immunity applies. *Id.* at 232. "First, a court must decide whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right." *Id.* (citing *Saucier v. Katz*, 533 U.S. 194, 201, 121 S. Ct. 2151, 150 L.Ed.2d 272 (2001)) (internal citations omitted). If the plaintiff can establish this, then "the court must decide whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Id.* If both steps are satisfied, qualified immunity does not apply.

### a. False Imprisonment/Unreasonable Seizure

To succeed on a false imprisonment claim, Plaintiffs must show that C.R. was arrested without probable cause. *Haggerty v. Texas S. Univ.*, 391 F.3d 653, 655 (5th Cir. 2004) (citing *Brown v. Lyford*, 243 F.3d 185, 189 (5th Cir. 2001)). Because Plaintiffs have conceded that C.R. was neither arrested nor imprisoned, this claim must be **dismissed with prejudice**. (*See* Plaintiffs' Memo. in Response [55] at p. 9.) However, the fact that C.R. was not arrested does not defeat his claim of unreasonable seizure.

The Fourth Amendment right against unreasonable seizures "extends to seizures by or at the direction of school officials, but whether such a seizure is unreasonable depends on all relevant contextual circumstances." *Hassan v. Lubbock Indep. Sch. Dist.*, 55 F.3d 1075, 1079 (5th Cir. 1995) (citing *New Jersey v. T.L.O.*, 469 U.S. 325, 105 S. Ct. 733, 83 L.Ed.2d 720 (1985)). Because of the "unique backdrop" of the school environment and the school's interest in enforcing its rules in order to facilitate "the preservation of order and a proper educational environment," the Fifth Circuit has held that, "while schools are subject to the limitations of the fourth amendment, the

reasonableness of seizures must be determined in light of all of the circumstances, with particular attention being paid to whether the seizure was justified at its inception and reasonable in scope." *Id.* Defendants argue that because C.R. voluntarily entered and remained in the Chill Zone, no seizure occurred and Craft's actions were reasonable. Though this argument conflates the two separate inquiries the Court must undertake—whether there was a seizure and whether that seizure was reasonable[1]— because this is the only argument Defendants make, the Court will look only at whether there was a seizure to determine whether there was a violation of this clearly established constitutional right.[2]

A state actor seizes a person when he or she "by means of physical force or show of authority, has in some way restrained the liberty of a citizen. In addition, the governmental termination of freedom of movement must be made through means intentionally applied." *Flores v. City of Palacios*, 381 F.3d 391, 396 (5th Cir. 2004) (internal citations, quotations, and emphasis omitted). Furthermore, it is not the perception of the one who is seized that is considered, but rather the intentions of the one who is attempting the seizure. *Id.* at 396-97.

Here, Rhodes testified that she observed Craft keeping the entrance of the Chill Zone shut with her foot and C.R. repeatedly screaming "let me out." (Rhodes Depo. [54-7] at 145:9-146:20.) This evidence is enough to create a genuine dispute of fact over whether Craft intended to restrain C.R.'s liberty, which would constitute a seizure under a Fourth Amendment analysis. Therefore, because the Court finds that is a genuine dispute of fact over whether a seizure occurred and because there has been no argument from Defendants that this seizure was reasonable, the Court will **deny** the Motion for Summary Judgment [51] as to this claim.

---

[1] Defendants do attempt to remedy this lack of argument in their Reply [57], but arguments presented for the first time in reply briefs are not considered. *See Vais Arms, Inc. v. Vai*, 383 F.3d 287, 292 (5th Cir. 2004) (quoting *S.W. Bell. Tel. Co. v. City of El Paso*, 346 F.3d 541, 545 (5th Cir. 2003)).
[2] Defendants do not challenge that this is a clearly established constitutional right.

b.  **Excessive Force**

Though both parties mention Plaintiffs' claim for use of excessive force, neither side addresses it in their arguments. However, because excessive force in the context of schools is analyzed under the substantive due process clause framework, the Court assumes that Plaintiff has conceded these claims with its concession of its due process claims.[3] Therefore, the motion will be **granted** to this claim, and it will be **dismissed with prejudice**.

c.  **Substantive Due Process**

Plaintiffs concede that their substantive due process claims fail. The Motion for Summary Judgment [51] will be **granted** as to these claims, and they will be **dismissed with prejudice**.

2.  **Claims against the District**

Under *Monell v. Department of Social Services*, the District is not liable under § 1983 "solely because its employee committed a constitutional tort." *Mason v. Lafayette City-Parish Consol. Gov't*, 806 F.3d 268, 280 (5th Cir. 2015) (citing *Monell v. Dep't of Soc. Servs.*, 436 U. S. 658, 691, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978)). Failure to train or supervise, however, can trigger liability for the government entity. *See Sanders-Burns v. City of Plano*, 594 F.3d 366, 380 (5th Cir. 2010) (quoting *Brown v. Bryan Cnty.*, 219 F.3d 450, 456 (5th Cir. 2000)). To establish a § 1983 claim against the District under a failure-to-train-or-supervise theory, Plaintiffs must establish "(1) that [the District'] training policy procedures were inadequate, (2) [the District] was deliberately indifferent in adopting its training policy, and (3) the inadequate training policy directly caused [the deprivation of C.R.'s rights]." *Id.* at 381 (citing *Baker v. Putnal*, 75 F.3d 190, 200 (5th Cir. 1996)).

> Deliberate indifference is more than mere negligence . . . [and requires that Plaintiffs] show that in light of the duties assigned to specific officers or employees,

---
[3] *Fee v. Herndon*, the case cited by Plaintiffs in their concession, explicitly deals with excessive force used by a school for disciplinary purposes. 900 F.2d 804, 810-11 (5th Cir. 1990).

> the need for more or different training is obvious, and the inadequacy so likely to result in violations of constitutional rights, that policy makers of the city can reasonable [sic] be said to have been deliberately indifferent to the need.
>
> Finally, a showing of deliberate indifference is difficult, although not impossible, to base on a single incident. Claims of inadequate training generally require that the plaintiff demonstrate a pattern. Notice of a pattern of similar violations is required.

*Id.* (internal quotations and citations omitted). Where there is no pattern of similar violations, liability under a failure-to-train theory can only proceed where "the unconstitutional consequences of failing to train could be so patently obvious that [the District] could be liable under § 1983 without proof of a pre-existing pattern of violations." *Connick v. Thompson*, 563 U.S. 51, 64, 131 S. Ct. 1350, 179 L.Ed.2d 417 (2011).

In this case, there is no evidence that there was a pattern of Fourth Amendment unreasonable seizure violations, the only constitutional violation currently pending. Nor is there evidence that the lack of more training would so obviously result in the deprivation of C.R.'s right against unreasonable seizures. Though Plaintiffs have pointed to instances where C.R. was aggressive, they have pointed to no other incident where the situation required that he be restrained. Perhaps C.R.'s behavior might have invited the contemplation that such a measure may come to be necessary, but the Court does not find that Plaintiffs have adduced evidence to show that such a conclusion was "patently obvious."

Therefore, even if the District's training and supervision was inadequate, Plaintiffs have not adduced evidence that this inadequacy was due to deliberate indifference on the part of the District, and summary judgment must be **granted**. The § 1983 claims against the District will be **dismissed with prejudice**.

### D. Rehabilitation Act and ADA Claims

Defendants argue, *inter alia*, that Plaintiffs have failed to exhaust their Rehabilitation Act and ADA claims as required by the Individuals with Disabilities Education Improvement Act ("IDEA"). "The IDEA requires administrative exhaustion not just of claims arising under it, but also of Rehabilitation Act claims that overlap with the IDEA." *Reyes v. Manor Indep. Sch. Dist.*, 850 F.3d 251, 256 (5th Cir. 2017) (citing 20 U.S.C. § 1514(l)).

> The Supreme Court recently addressed how to determine whether claims under other statutes like the Rehabilitation Act that provide protection to those with disabilities overlap with, and are thus covered by, the IDEA's exhaustion requirement. We ask two questions. First, could the plaintiff have brought the same claim if the alleged conduct had occurred at a public facility that was not a school? Second, could a non-student at the school have brought the same claim? If the answers to both questions are no, the Rehabilitation Act claims overlap with the IDEA claims and must be administratively exhausted.

*Id.* at 256-57 (citing *Fry v. Napolean Cmty. Sch.*, 137 S. Ct. 743, 756, 197 L.Ed.2d 46 (2017)).[4]

In *Fry*, the Supreme Court found that because the Frys were not challenging the adequacy of the special education services the school provided, the answer to the first question was yes. 137 S. Ct. at 758. This type of claim, they reasoned, could have been filed against a public library or theater. *Id.* The Supreme Court found that the answer to the second question was also yes because the alleged discrimination, the refusal to allow a service dog, could have been brought by a non-student at the school. *Id.*

In *Reyes*, the Fifth Circuit also found that the answer to both of the questions was no and that exhaustion was required. There, the student alleged that the school's practices "hinder[ed] honest consideration of [E.M.'s] unique and individualized needs." *Reyes*, 850 F.3d at 256 (alterations in original). The panel found that because the claims were directly related to the

---

[4] This test has been applied for both Rehabilitation Act claims and ADA claims. *See, e.g., Paul G. v. Monterey Peninsula Unified Sch. Dist.*, 256 F.Supp.3d 1064, 1074 (N.D. Cal. 2017).

student's educational needs, they could not have been brought against a public facility that was not a school and could not have been brought by a non-student. *Id.* at 257.

Like in *Fry* and *Reyes*, the Rehabilitation Act and ADA claims brought by Plaintiffs overlap with the IDEA and must be administratively exhausted. Plaintiffs' claims are based in allegations that "C.R. was denied the benefit of reasonable behavioral instruction" by the District. (Memo. in Response [55] at p. 22.) These claims could not have been filed against a public library or theater because they are directly relate to C.R.'s educational needs. Nor could they have been filed by a non-student for the same reason. Therefore, Plaintiffs were required to administratively exhaust these claims prior to filing suit.

Plaintiffs argue they are excused from administratively exhausting their remedies because they are seeking monetary damages only. While Supreme Court and Fifth Circuit precedent does allow for the bypass of the administrative process where exhaustion would be futile or inadequate, it is Plaintiffs who bear the burden of proving futility or inadequacy. *See Gardner v. School Bd. Caddo Parish*, 958 F.2d 108, 112 (1992) (quoting *Honig v. Doe*, 484 U.S. 305, 327, 108 S. Ct. 592, 98 L.Ed.2d 686 (1988)). Plaintiffs have not met that burden here.

Plaintiffs assert that administrative remedies are inadequate when the only relief sought is monetary damages. They support this assertion with only one citation to a Ninth Circuit case, *Witte v. Clark County School District*, 197 F.3d 1271 (9th Cir. 1999). Even if the Court were to accept this non-binding authority as persuasive, Plaintiffs misread what the Ninth Circuit held. In *Witte*, the circuit court did not hold that exhaustion was futile because monetary damages were sought and the administrative remedies would therefore be inadequate. *Id.* at 1275. Instead, the Ninth Circuit held that, because monetary remedies were not generally available under the IDEA,

9

the relief sought did not overlap with the IDEA and exhaustion was not required.[5]  *Id.*  Because the authority cited is not binding and does not support Plaintiffs' contention, the Court will not accept it as adequate proof of Plaintiffs' futility argument.

Plaintiffs, then, have not shown that exhaustion would be futile.  The Court must therefore **grant** the Motion for Summary Judgment [51] as to Plaintiffs' Rehabilitation Act and ADA claims.  Because they are dismissed on exhaustion grounds and the futility of future exhaustion has not been argued, the Court finds that they should be **dismissed without prejudice**.

E.     **State Law Claims**

Plaintiffs bring state law claims against Defendants for wrongful, reckless, and excessive administration of corporal or restraint punishment and for intentional infliction of emotional distress.  They also bring a claim of breach of ministerial duty against the District.  These claims fall under the purview of the Mississippi Tort Claims Act ("MTCA").

Defendants first argue that the intentional tort claims are barred by the applicable statute of limitations.  This argument has been conceded by Plaintiffs as to Rhodes' claims, but parties agree that the statute is tolled for C.R. as a minor.

Next, Defendants argue that all of Craft's actions were taken within the scope of her employment and are therefore barred under the MTCA.  The MTCA provides immunity to employees acting within the scope of their employment, but states that employees are not acting within the scope of their duty if their conduct constitutes "fraud, malice, libel, slander, defamation or any criminal offense."  Miss. Code Ann. § 11-46-7(2).  Defendants argue that Craft was acting within the scope of her employment under this statute.  Plaintiffs counter by arguing that Craft's actions were objectively unreasonable.  However, "objectively unreasonable" does not rise to the

---

[5] Since this holding, the Supreme Court issued *Fry* and definitively set out the test to determine when exhaustion was required.

level of "fraud, malice, libel, slander, defamation or any criminal offense." *See* Miss. Code Ann. § 11-46-7(2). Plaintiffs have made no argument and presented no evidence that Craft was acting outside the scope of her employment, and therefore MTCA immunity applies to the state law claims against Craft. The Motion for Summary Judgment [51] will be **granted** as to these claims, and they will be **dismissed with prejudice**.

The state law claims against the District, however, are not disposed of under this argument. The only other arguments presented by Defendants are bald arguments with no citations to the record or to the law and must be denied. The Motion for Summary Judgment [51], then, will be **denied** as to the state law claims against the District.

### F.	Punitive Damages

Defendants argue that they have absolute immunity from punitive damages for claims brought under § 1983. While true that the District, as a political subdivision, does have immunity from punitive damages under § 1983, the same is not true for Craft. *See Webster v. City of Houston*, 689 F.2d 1220, 1229 (5th Cir. 1982) (holding that municipalities are immune from liability for punitive damages under § 1983). Because the § 1983 claim for unreasonable seizure remains pending against Craft in her individual capacity, she could be held liable for punitive damages. Therefore, the Motion for Summary Judgment [51] will be **granted** as to the punitive damages claim under § 1983 for the District,[6] but it is **denied** as to the punitive damages claim under § 1983 for Craft.

### III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Summary Judgment [51] is **granted in part** and **denied in part**.

---

[6] Defendants make no argument as to the punitive damages pled against the District for the still pending state law claim. These damages, therefore, remain pending as well.

It is **granted** in that the following claims are **dismissed with prejudice**: all claims brought by Rhodes in her individual capacity, C.R.'s § 1983 claims for false imprisonment, excessive force, and due process violations against Craft, C.R.'s § 1983 claims against the District, C.R.'s state law claims against Craft, C.R.'s punitive damages claim under state law against Craft, and the punitive damages claim under § 1983 against the District. It is further **granted** in that C.R.'s Rehabilitation Act and ADA claims are **dismissed without prejudice**.

It is **denied** in that the following claims remain pending: C.R.'s § 1983 claim for unreasonable seizure against Craft, C.R.'s punitive damages claim under § 1983 against Craft, C.R.'s state law claims against the District, and C.R.'s punitive damages claim under state law against the District.

SO ORDERED AND ADJUDGED, on this, the 28th day of March, 2018.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE